# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GARY RAY MOORE**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:06CV00436 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Gary Ray Moore, pro se; Thomas J. Bondurant, Jr., Chief, Criminal Division, United States Attorney's Office, Roanoke, Virginia, for Respondent.*

Gary Ray Moore, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2006). Moore worked as a Contract Disaster Assistance Employee for the Federal Emergency Management Agency (FEMA) in response to a destructive flood that struck Buchanan County, Virginia, in May 2002. In connection with that employment, Moore was convicted of racketeering activity based on acts of bribery, bid-rigging, obstruction, and money laundering. As part of his plea agreement, Moore waived his right to file an appeal or a collateral attack under § 2255. He argues in his current motion, however, that his waivers were unknowing and are therefore invalid. Finding no merit to his arguments, I will grant the respondent's Motion to Dismiss.

I

Under the indictment, Moore faced numerous charges of racketeering and related offense, subjecting him to a maximum statutory penalty of 155 years imprisonment and a fine of $3,000,000. The petitioner pleaded guilty on November 17, 2004, pursuant to a written plea agreement, to counts one (RICO), two (RICO conspiracy), twenty-one (bribery), and twenty-five (money laundering conspiracy). The maximum statutory penalties for these counts are seventy-five years imprisonment and a fine of $1,250,000. In Section 7 of the plea agreement, Moore waived his right to appeal sentencing guidelines factors and agreed to "rely on the Court in sentencing me under the Sentencing Guidelines." In Section 8, Moore waived his right to "collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the Court." In the last paragraph of Section 1 and again in the second paragraph of Section 15, the plea agreement specifically addressed Moore's current concern as follows:

> I waive any right I may have for a jury determination by proof beyond a reasonable doubt of any and all facts relevant to the application of any Sentencing Guidelines provisions (including criminal history, offense levels, specific offense characteristics and other enhancements or adjustments) and consent to a determination of any and all facts and a determination of the application of any and all Sentencing Guidelines factors by the United States District Judge. I agree that the District Judge should make any Sentencing Guidelines determinations using the preponderance of the evidence standard and that the District

- 2 -

Case 7:06-cv-00436-JPJ-mfu   Document 9   Filed 11/30/06   Page 2 of 10   Pageid#: 50

Judge may consider any reliable evidence, including hearsay. I understand that by signing this Plea Agreement, I waive any right to a jury determination of sentencing factors that may exist under *Blakely v. Washington*, [542 U.S. 296] (June 24, 2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions.

Before accepting Moore's guilty plea on November 17, 2004, I questioned him to ensure that his plea was knowing and voluntary. Moore indicated that he was thirty-five years old, had completed high school, could read and write English, and that he was not under the influence of alcohol or of any drug that hampered his ability to understand the proceedings.[1] He indicated that he had had adequate time to discuss the indictment and the case with his attorney, that he had initialed each page of his plea agreement and had signed it and the addendum to it, and that he understood its terms as summarized by the prosecutor. I asked Moore whether he understood that under the plea agreement, he was waiving his right to appeal sentencing guideline issues and his right to file a collateral attack on his sentence or his conviction. Moore answered, "Yes, Your Honor." (Plea Tr. 9-10.) He denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise forced him to plead guilty. I reviewed the rights he was waiving by pleading guilty, explained

---

[1] Moore indicated at the plea hearing that he had taken pain medication for chronic neck pain. In his response to the Motion to Dismiss, Moore assured the court that he was not claiming that this pain medication prevented him from entering a valid plea.

the elements of each charge that the government would have to prove if he went to trial, and heard a summary of the evidence in support of the plea. Moore indicated that he had no questions of the court and that he wanted to plead guilty. I then found the plea to be knowing and voluntary, accepted the plea, and adjudged Moore guilty of the offenses.

After Moore entered his guilty plea, but before sentencing, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220, 248-58 (2005), applying the principles of *Blakely* to find that the United States Sentencing Guidelines (USSG) are constitutional only if they are advisory rather than mandatory. Moore's counsel filed a sentencing memorandum, arguing that the court should treat the USSG as advisory in sentencing Moore and depart below the USSG sentencing range of 70 to 87 months as recommended by the presentence report. At the sentencing hearing, I adopted the presentence report, which recommended several enhancements of Moore's base offense level, including increases of sixteen-points for the amount of the laundered funds, two points for role in the offense, and two points for obstruction of justice. (PSR ¶¶ 155-164.) I sentenced Moore to a prison term of 72 months. Moore also agreed to an order of forfeiture in the amount of $21,000.

Moore filed this § 2255 motion in July 2006, arguing that *Booker* changed the law in ways that were not foreseeable to the participants at his plea hearing and,

- 4 -

therefore, Moore's plea and his plea agreement waivers were not knowing and voluntary. As relief in this action, he asks the court to invalidate his waivers (but not his guilty plea), to reenter the criminal judgment to allow him an opportunity to pursue a direct appeal, and to dismiss all other claims without prejudice so that he can raise them later, if warranted, in a § 2255 motion. The government filed a Motion to Dismiss the § 2255 motion, arguing that Moore's plea agreement waivers should be upheld. Moore filed a response to the Motion to Dismiss, making the matter ripe for disposition.

II

In this circuit, it is well established that a defendant may enter a valid plea agreement waiver of his right to appeal. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir.1990). To determine whether a waiver is knowing and intelligent, the reviewing court examines the totality of the circumstances at the plea hearing, including the background, experience, and conduct of the defendant. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). Where the language of the plea agreement waiver provision was "clear and unmistakable" and the record establishes that the court specifically questioned the defendant as to his understanding of the plea agreement waiver provisions and nothing else in the record undermines the verity of

the court's acceptance of the plea as knowing and voluntary, the waiver of appeal rights is valid. *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). The Fourth Circuit and other courts have expressly rejected arguments that a defendant pleading guilty before issuance of the *Booker* ruling "could not have knowingly waived his rights under *Booker*–or that his *Booker* argument is necessarily outside the scope of the appeal waiver because that case had not been decided when he entered into the plea agreement." *Blick*, 408 F.3d at 170 (citing other cases); *see also United States v. Amaya-Portillo*, 423 F.3d 427, 430 (4th Cir. 2005) ("Developments in the law announced by Booker . . . subsequent to Defendant's guilty plea do not invalidate his plea.") (citing *Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

A defendant who fails to challenge the validity of his guilty plea on direct appeal has waived his opportunity to raise a § 2255 claim attacking the voluntariness or intelligence of the plea. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Such a defendant may circumvent the waiver only by demonstrating either "cause" for his default of his claims on appeal and actual "prejudice," or actual innocence. *Id.* at 622-24.

It is now settled law in this circuit, and has long been established law in this district, that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), *aff'g Lemaster v. United States,* Case No. 7:02CV00794 (W.D. Va. 2003). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22.

In *Lemaster*, the court implicitly acknowledged that a narrow class of claims falls outside the scope of an enforceable waiver of § 2255 rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims that the sentence rests on a constitutionally impermissible factor such as race, or (3) claims that defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing. 403 F.3d at 220 n.2.

Applying these principles to Moore's case, I find that under *Bousley,* Moore waived his right to challenge the validity of his plea agreement waiver of appeal rights when he failed to raise such a claim in direct appeal proceedings. 523 U.S. at 621. He fails to show cause or prejudice for failing to bring the claim on appeal, nor

does he offer any evidence that he is actually innocent of the crimes to which he pled guilty.

I also find that Moore entered valid waivers of his right to appeal and his right to bring this collateral attack under § 2255. I specifically questioned Moore during the plea hearing about the waiver provisions. He indicated that he understood the waivers and the consequences of his guilty plea and was entering the plea voluntarily. Moreover, I sentenced him pursuant to the USSG, in keeping with the plea agreement for which he bargained.

As to his claims that *Booker* invalidates his waiver of appeal rights, I am bound by the Fourth Circuit's decisions in *Amayo-Portillo* and *Blick*.[2] Pursuant to these decisions, the intervening *Booker* decision does not render Moore's waiver of appellate rights unknowing or otherwise invalid, and his claim for resentencing under advisory guidelines is within the scope of that waiver.

---

[2] Moore argues that in light of a Supreme Court decision not considered in *Blick* and *Amaya-Portillo*, these decisions are not controlling in his case. *See Halbert v. Michigan*, 125 S. Ct. 2582, 2594 (2005) (holding that indigent state defendant could not implicitly waive right to appointed appellate counsel unrecognized at the time of his nolo contendere plea). I disagree. The Fifth Circuit has held that *Halbert* does not govern where a defendant makes an explicit waiver of his statutory, non-constitutional right to appeal his sentence. *United States v. Burns*, 433 F.3d 442, 446-50 (5th Cir. 2005). *See also United States v. Cole*, 180 Fed. Appx. 435, 437 (4th Cir. 2006) (unpublished) (upholding plea agreement waiver of appeal rights to bar *Booker* claims and distinguishing *Halbert* decision under Fifth Circuit's reasoning in *Burns*).

- 8 -

For the reasons stated in *Blick* and *Amaya-Portillo*, I also find that the changes wrought by *Booker* on the legal landscape do not invalidate Moore's otherwise valid waiver of his right to bring a § 2255 motion challenging sentencing guidelines issues. Moreover, his *Booker* claims seeking resentencing under the advisory guidelines fall squarely within the scope of his waiver of § 2255 rights. *See Blick*, 408 F.3d at 170.

Moore argues that his plea agreement waivers are invalid because counsel was ineffective in allowing him to waive his rights under *Blakely*. Moore does not deny, however, that the plea agreement benefitted him. He also alleges no facts suggesting that the government would have offered him the same plea agreement benefits absent the waivers he now challenges.[3] Thus, he fails to show that counsel's advice to accept the plea agreement was deficient representation. Moreover, counsel cannot be found ineffective for failing to foresee changes in the law. *United States v. McNamara*, 74 F.3d 514, 517 (4th Cir. 1996) (explaining that counsel was not deficient for following controlling circuit precedent at time of trial or for failing to discover that Supreme Court had granted certiorari on issue in question). As I find no merit to Moore's claim of ineffective assistance, it cannot serve to invalidate his plea agreement waiver of appeal and § 2255 rights. Moore makes no other claims

---

[3] At no time does Moore express any desire to invalidate his guilty plea in its entirety and go to trial on the full indictment, forcing the government to prove the facts necessary for his sentence enhancements beyond a reasonable doubt.

that bear on the validity of his waivers. Accordingly, I find that all of his current claims are waived. *Lemaster*, 403 F.3d at 222-23.

III

For these reasons, I find that Moore entered a valid plea agreement waiver of his rights to bring a direct appeal or a collateral attack and that all of his current claims are waived. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: November 30, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 10 -